# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-3228 PA (PLAx) | Date | October 17, 2018 |
|---|---|---|---|
| Title | United of Omaha Life Insurance Company v. KellySue Kaplan, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Motion for Default Judgment, Recovery of Attorneys' Fees, Leave to Deposit Funds, Permanent Injunction, Discharge of Liability, and Dismissal ("Motion for Discharge and Release") filed by plaintiff United of Omaha Life Insurance Company ("United of Omaha") (Docket No. 36). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 22, 2018, is vacated, and the matter taken off calendar.

United of Omaha commenced this interpleader action to resolve the competing claims of KellySue Kaplan, ("KellySue"), Blake Kaplan ("Blake"), Alexandria Sandel ("Alexandria"), Bradley Kaplan ("Bradley"), Austin Sandel ("Austin"), and Brett Kaplan ("Kaplan") to the proceeds of a $400,000 life insurance policy United of Omaha issued to decedent Scott Kaplan ("Decedent"). Decedent committed suicide on February 2, 2018. At the time of his death, he was married to KellySue, who was the irrevocable primary beneficiary listed on the policy. Alexandria, Austin, Blake, Brett, and Bradley were listed as contingent beneficiaries.

Prior to his death, Decedent and KellySue were contemplating divorce and had informally separated. Approximately two weeks before his death, on January 20, 2018, Decedent and KellySue had signed a "Stipulated Judgment" prepared by an attorney as to their marital property. As relevant here, the Stipulated Judgment, which was never filed in Family Court, provided:

> LIFE INSURANCE: Husband and Wife shall be awarded their respective life insurance policies and shall be entitled to change beneficiaries on said policies.
> . . .
> WAIVER OF RIGHTS: . . . Except as hereinabove set forth, Husband and Wife further renounce and relinquish all rights,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3228 PA (PLAx) | Date | October 17, 2018 |
|---|---|---|---|
| Title | United of Omaha Life Insurance Company v. KellySue Kaplan, et al. | | |

    privileges, powers, options and benefits in and from any insurance
    policy, the exclusive ownership of which is assigned to the other
    party in this Stipulated Judgment including the right to receive
    benefits on the death of the insured unless under a beneficiary
    designation executed subsequent to the date hereof.

Blake, Decedent's 24-year-old son, filed a probate petition in Los Angeles Superior Court on April 11, 2018, to remove KellySue as the trustee of the Kaplan Family Trust based on the Stipulated Judgment.  Blake contends that KellySue waived her rights to the United of Omaha policy proceeds as a result of the Stipulated Judgment.  Blake's brothers Brett and Bradley have not appeared in this action and United of Omaha obtained entry of their defaults as to the interpleader.  KellySue contends that the Stipulated Judgment is not enforceable because it was not signed by an attorney and was not filed with and entered by the Court.  KellySue also states that she entered into the Stipulated Judgment under duress based upon abuse and threats from Decedent due to his addiction to alcohol and drugs that prompted his subsequent suicide

   In its Motion for Discharge and Release, United of Omaha disclaims any interest in the $400,000 and seeks relief from further liability to claimants.  See 28 U.S.C. § 2361 ("[A] district court shall hear and determine the case, and may discharge the plaintiff from further liability . . . .").  United of Omaha additionally requests that it be awarded $14,984.79 in attorneys' fees and costs incurred in bringing this action.

   Normally an interpleader action is conducted in two stages.  See N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983).  "During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants.  During the second stage, the court determines the respective rights of the claimants to the interpleaded funds."  Prudential Ins. Co. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009) (citations omitted).  "It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader."  Farmers Irrigating Ditch & Reservoir Co. v. Kane, 845 F.2d 229, 232 (10th Cir. 1988); see also In re Mandalay Shores Co-Op Housing Ass'n, Inc., 21 F.3d 380, 383 (11th Cir. 1994) ("Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner.  A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3228 PA (PLAx) | Date | October 17, 2018 |
|---|---|---|---|
| Title | United of Omaha Life Insurance Company v. KellySue Kaplan, et al. | | |

      Here, none of the potential claimants have opposed United of Omaha's Motion for Release and Discharge and Brett and Bradley have not appeared despite having been served with the Summons and Complaint and have had their defaults entered.  See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").  Additionally, the Court's review of United of Omaha's Complaint and the Motion for Release and Discharge establish that United of Omaha is entitled to the Judgment in Interpleader, discharge, and release it seeks against all of the potential claimants, both those who have appeared and those who are in default.[1/]  The Court therefore discharges United of Omaha from any liability with respect to the subject life insurance policy and enjoins KellySue, Blake, Alexandria, Bradley, Austin, and Brett from instituting claims against United of Omaha arising out of the subject life insurance policy.

      United of Omaha additionally requests that it be awarded its attorneys' fees and costs incurred in bringing the interpleader action.  "Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action."  Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984).  Some courts are disinclined to award attorneys' fees to insurers because such companies are regularly subject to competing claims and resort to interpleader actions as a normal course of business:

> [A]n insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum of regularity.  In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability.  As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers.  Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance

---

[1/]     The Judgment in Interpleader in favor of United of Omaha against Brett and Bradley is based both on the merits of the Motion for Release and Discharge as it relates to all of the potential claimants and also as a result of an examination of the factors supporting the entry of a Default Judgment against them.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (instructing courts to consider a variety of factors when evaluating motions for default judgment, including "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3228 PA (PLAx) | Date | October 17, 2018 |
|---|---|---|---|
| Title | United of Omaha Life Insurance Company v. KellySue Kaplan, et al. | | |

> company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

In re Mandalay Shores, 21 F.3d at 383; see also Aaron v. Mahl, 550 F.3d 659, 667 (7th Cir. 2008) ("[A] court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business."); Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader. Denial of allowances [for attorneys' fees] in this case was by no means an abuse of discretion."). The Court concludes, as an exercise of its discretion, that in this instance, an award of fees is not justified and is instead better considered an ordinary cost of the life insurance business. The Court therefore denies United of Omaha's request for an award of fees and costs.

For all of the foregoing reasons, the Court grant's United of Omaha's Motion for Release and Discharge but denies United of Omaha's request for an award of attorneys' fees and costs. The Court will issue a Judgment in Interpleader in favor of United of Omaha.

IT IS SO ORDERED.